UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CYNTHIA MONROE,

                Plaintiff,

-against-

NANCY BERRYHILL,
  Acting Commissioner of Social Security,

                Defendant.

**OPINION AND ORDER**

17 Civ. 3373 (ER) (HBP)

Ramos, D.J.:

    Cynthia Monroe ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) challenging the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits and supplemental security income. Pending before the Court are the parties' cross-motions for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). On July 24, 2018, Magistrate Judge Henry B. Pitman issued a Report and Recommendation ("Report"), recommending that the Commissioner's motion be granted and Plaintiff's motion be denied, and notifying the parties that they had fourteen days from service of the Report to file written objections. Doc. 16. Plaintiff submitted a letter to the Court objecting to Magistrate Judge Pitman's Report on August 3, 2018, stating simply that "[w]e stand on our motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure that the Plaintiff is disabled and entitled to benefits under the provisions set forth by the Commissioner of the Social Security." Doc. 17.

    **I.    Standard of Review**

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise "specific," "written" objections to the report and recommendation "[w]ithin fourteen days after being served with a copy." *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). A district court reviews *de novo* those portions of the report and recommendation to which timely and specific objections are made. 28 U.S.C. § 636(b)(1)(C); *see also DeLeon v. Strack*, 234 F.3d 84, 87 (2d Cir. 2000) (citing *United States v. Male Juvenile (95-CR-1074)*, 121 F.3d 34, 38 (2d Cir. 1997)). The district court may adopt those parts of the report and recommendation to which no party has timely objected, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

## II. Discussion

Plaintiff's objection is not a specific one. Indeed, Plaintiff points to no fact that the Report overlooked or misconstrued, and no legal conclusion that she argues constitutes error. Consequently, the report and recommendation is not entitled to *de novo* review; the Court instead reviews it for clear error. *See Kirk v. Burge*, 646 F. Supp. 2d 534, 539 (S.D.N.Y. 2009) ("[T]o the extent that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error."). The Court has carefully reviewed Judge Pitman's thorough and well-reasoned Report and finds no error, clear or otherwise. Accordingly, the Court adopts the Report in its entirety. The Commissioner's Rule 12(c) motion is GRANTED, and Plaintiff's is DENIED. Plaintiff's failure to file written, specific objections precludes appellate review of this decision. *See Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) (holding that an objection "devoid of any reference to

specific findings or recommendations" and "unsupported by legal authority" was "not sufficient to preserve" a claim for appellate review).

The Clerk of Court is respectfully directed to terminate the motions, Docs. 9 and 14, and to close the case.

It is SO ORDERED.

Dated: August 15, 2018
New York, New York

_____
Edgardo Ramos, U.S.D.J.